IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

ELSA MARIA BURGOS RIVERA

    Debtor

CASE NO. 14-09794 (ESL)

CHAPTER 13

OPINION AND ORDER

This case is before the court upon the *Objection to Debtor's Claimed Exemptions* (the "Objection") filed by the Chapter 13 Trustee (Docket No. 14) and the *Response to Trustee's Objection to Exemption* (the "*Response to Trustee's Objection,*" Docket No. 26) filed by the Debtor. Also before the court is the *Sur-Reply to Debtor's Response* filed by the Chapter 13 Trustee (Docket No. 45) and the *Sur-Reply to Trustee's Reply* filed by the Debtor (the "*Sur-Reply to Trustee's Sur-Reply,*" Docket No. 49). The Chapter 13 Trustee argues that the Debtor did not properly claim the homestead exemption under Puerto Rico's Homestead Protection Act No. 195 enacted on September 13, 2011 (the "Home Protection Act"), 31 L.P.R.A. §§ 1858 *et seq.*, as amended, and as in interpreted by the Supreme Court of Puerto Rico in <u>Rivera García v. Hernández Sánchez, Property Registar</u>, 189 D.P.R. 628 (2013). The Debtor contends that she properly and timely claimed her homestead exemption under Articles 3, 11 and/or 12 of the Home Protection Act. For the reasons stated below, the Debtor's homestead exemption is denied.

Procedural Background

The Debtor filed a Chapter 13 bankruptcy petition on November 26, 2014. <u>See</u> Docket No. 1. The Debtor in *Schedule A-Real Property* included the residential property and disclosed that the nature of her interest in the real property is based on an "inheritance community". <u>See</u> Docket No. 1, p. 22. In addition, the Debtor claims to have a 70% interest in the real property and stated that there are a total of ten (10) heirs (inclusive of Debtor) with an interest in the real property. The Debtor disclosed that the current value of her 70% interest in the real property,

-1-

without deducting any secured claim or exemption, is in the amount of $80,500. The Debtor listed the estimated value of the property in the amount of $115,000. Id. In *Schedule C-Property Claimed as Exempt*, the Debtor claimed the homestead exemption afforded under the Home Protection Act over the real estate property described in *Schedule A* in the amount of $80,500. See Docket No. 1, p. 27. Moreover, the Debtor attached to *Schedule C* a *Sworn Statement Claiming Homestead Exemption* in which she declared that she is a co-owner of the real property and the same is her principal residence.  The other co-owners of the real property were not included in the *Sworn Statement Claiming Homestead Exemption*. See Docket No. 1, pp. 29-32.

On February 6, 2015, the Chapter 13 Trustee filed the *Objection* (Docket No. 14) claiming that the Debtor was not entitled to the homestead exemption as: (a) the real property is recorded in the Property Registry and, thus, Article 9 of the Home Protection Act is applicable, not Articles 11 and 12.  In Doña Antonia Rivera García v. Lcda. Namyr I. Hernández Sánchez, Registradora de la Propiedad, 189 D.P.R. 628, 641 (2013) the Supreme Court of Puerto Rico stated that: "[a]s discussed, the text of Article 9 of Law No. 195, *supra*, states that in cases such as this one in which 'the property is registered in the name of such an individual or head of family, it will be sufficient for the property owner or owners to execute an act before a public notary…' 31 L.P.R.A. sec. 1858f. (Emphasis supplied). We see, therefore, that the letter of law No. 195, *supra*, mandates that, when a property has more than one registered owner, all must appear in the authorization of the Notarial Act claiming the right to homestead"(Docket No. 14, pgs. 3-4); (b) Debtor did not present evidence that prior to the filing of the petition she had executed and presented before the Property Registry a declaration of homestead for the registered real property through a notarial act; and (c) even if Articles 11 and 12 were applicable, the homestead exemption should be denied because the Debtor is one of several heirs who inherited participations in the real property, and the co-owners did not appear in the Debtor's *Sworn Statement Claiming Homestead Exemption*. All owners of a property must appear in a document by which one of the owners claims the property as a homestead.

On May 11, 2015 the Debtor filed her *Response to Trustee's Objection to Exemption* (Docket No. 26) stating that the Debtor acquired her interest in the real property as an inheritance received from her late mother.  The real property is co-owned with the other heirs.  The real property is registered in the Property Registry under the Debtor's mother's name, Justina Rivera Rivera, pursuant to the title study dated September 18, 2014. The Debtor argues as follows: (a) ".… we are not under an Article 9 paragraph (2) scenario, we are under an Article 11 scenario, as Debtor's interest in the subject property is not registered or recorded in Debtor's name, consequently the provisions of Article 9 do not apply;" (b) the Debtor is allowed to claim her homestead exemption under Articles 3, 11 and/or 12 of the Home Protection Act; (c) Article 3 of the Home Protection Act, "…clearly reflects the public policy to protect the homestead of all citizens from the execution of a judgment against the[ir] home and without any doubt provides this protection in the broadest terms possible when it refers to "[a]ny individual …. shall have the right to possess and enjoy, as a homestead concept….". Thus, it is clear, that any citizen can claim the homestead right; (d) "[t]he conclusion in Rivera García v. Hernández Sánchez, is that in order to gain access to the property registry all co-owners must grant the homestead deed, as it must comply with the formalities of Puerto Rico's notarial and mortgage law;" (e) the formalities expressed in Rivera García v. Hernández Sánchez, apply when the exemption is claimed under Article 9 of the Home Protection Act. Thus, the Debtor contends that she properly claimed her homestead exemption through the sworn statement because the real property is not recorded under her name in the Property Registry; and (f) Article 11 of the Home Protection Act "clearly establishes that the homestead right exists even if [it] is not noted in the property registry, unlike some other rights that are required to be recorded in the property registry for the right to exist." The homestead exemption exists without the need to present any document to the Property Registry because the presentation in the Property Registry is only declarative in nature and not required for the right to exist. Moreover, Article 12 of the Puerto Rico Home Protection Act establishes that the homestead right does not have to be noted in the property registry: "[t]he fact that a parcel has

-3-

not been registered in the Property Registry, or that the Declaration of Homestead has not been annotated or entered in the Property Registry, shall in no way impair the owner's homestead right thereon, provided that such right has been timely claimed as provided in Section 12 of this Act." (Docket No. 26).

On June 25, 2015, the Debtor filed a *Notice of Debtor's Homestead Exemption Claim Under the Puerto Rico Law No. 195 of September 13, 2011* whereby she noticed by regular mail all parties in interest, namely the co-heirs, that she had claimed the homestead exemption pertaining to the real property as described in the Property Registry (Docket No. 39).

On July 21, 2015, the Chapter 13 Trustee filed a *Sur-Reply to Debtor's Response* (Docket No. 45) stating that: (a) Article 9 of the Home Protection Act applies in the instant case because the real property is already registered in the Property Registry under the name of the Debtor's deceased mother; (b) the Debtor and her siblings are co-heirs to the inheritance estate of Mrs. Justina Rivera, thus the homestead right cannot be recorded by Deed or Declaration unless they all provide express consent in a homestead deed; (c) in Rivera García v. Hernández Sánchez, the issue was whether all of the members of the hereditary community had to appear in the homestead deed consenting to the recordation of said right over an inheritance real property for the benefit of one. "The Court proceeded to analyze the extent and nature of the homestead right. Since the right to homestead recognized in Law 195 is a personal one with 'real' transcendence, it is the individual owner of a property who can claim such right. In order to claim such right and in a sense make that right public, then such right must gain access to the Registry of Property. It is this way that the court explains that the homestead right acquires a 'real dimension', with '*erga omnes*' implications. This has two (2) effects: on the one hand, when the right is registered, it has real property effect, and on the other, creates an *erga omnes* effect, as the right to homestead will remove the protected property from the reach of creditors;" and (d) the Trustee also argues that even if Articles 11 and 12 of the Home Protection Act apply, the exemption should be denied as the co-owners of the property did not appear in the sworn statement included as part of the Debtor's voluntary petition.

On September 2, 2015, the Debtor filed a *Sur-Reply to the Trustee's Reply to Response to Objection to Exemption* (Docket No. 49) arguing that: (i) based on the Supreme Court of Puerto Rico's decision in Rivera García v. Hernández Sánchez, Property Registar, the Debtor would be unable to record a deed claiming a homestead right unless all co-heirs and/or co-owners also appear on the homestead claim deed. However, the Debtor argues that the case of Rivera García v. Hernández Sánchez, "leaves the door open to claim her right some other way, but falls short on explaining how." The Supreme Court of Puerto Rico acknowledged such right to claim the homestead by stating that: "[i]n cases like this, where there is no evidence of consensus among the community members to recognize the homestead right to one of them, you can always go to court in order that the law recognizes the homestead right under Art. 3 of Law num. 195, supra, and that it … order[] the annotation in the property registry;" (ii) the court "…must fashion appropriate remedies and/or procedures when faced with situations such as the ones of the Debtor in this case, in which she is the co-owner of a real property, which is her home, that is registered in the property registry but unable to record her right as she is unable to compel the appearance of all coheirs to sign the homestead right;" (iii) Article 9 paragraph 2 of the Home Protection Act limits its application to cases in which the property is already recorded, which is not the case before the court, since the Debtor's name and interest has not been presented at the property registry. Thus, Article 9 is inapplicable in this case; (iv) the Debtor is claiming the homestead exemption pursuant to Articles 3, 11 and 12 of the Home Protection Act, and not under Article 9. Thus, "the formalities expressed in Rivera García v. Hernández Sánchez, *supra,* are not present when the homestead exemption is not claimed in the manner prescribed in Article 9 of the Law;" (v) the homestead exemption must be liberally construed, thus, it "is then obvious that homestead protection afforded by the act is not limited for [an] individual that can record the right in the property registry." Articles 2 and 3 of the Home Protection Act, "…clearly reflect[] the public policy to protect the homestead of all citizens from the execution of a judgment against the[ir] home and without any doubt provides this protection in the broadest terms possible when it refers to 'Any individual… shall have the

right to possess and enjoy, as a homestead concept. Thus, it is clear that any citizen can claim the homestead right;" (vi) in Rivera García v. Hernández Sánchez, the Supreme Court of Puerto Rico concluded that in order to gain access to the property registry all co-owners must grant the homestead deed, since the same must comply with the formalities of Puerto Rico's notarial and mortgage law; (vii) Article 11 of the Home Protection Act "provides for the broadest protection possible and clearly establishes that the homestead right exists even if [it] is not noted in the property registry, unlike some other rights that are required to be recorded in the property registry for the right to exist;" (viii) the Supreme Court concluded that the homestead right can be claimed under Article 3, if the following four (4) requisites are satisfied: (1) an individual or head of family; (2) domiciled in Puerto Rico; (3) that the individual owns or possess a property; and (4) that the property be occupied by the individual or family as the principal residence; and (ix) "[t]o require additional formalities and conditions will be clearly wrong, contrary to law and contrary to the liberal reading of the statute favoring the claimed exemption."

On September 16, 2015, the court held a confirmation hearing in which the parties argued the homestead exemption issue. The matter was taken under advisement and the confirmation hearing was continued without a date. See, Docket Nos. 50 (*Audio File*) and 51 (*Minute Entry*).

Issues

The Debtor is one (1) of twenty-two (22) heirs of Justina Rivera Rivera's estate. The Debtor, pursuant to the decedent's last will and testament has a 70% participation of the common mass of the inheritance which constitutes an abstract and global share of the full hereditary patrimony. Thus, the first issue for the court to determine is whether the Debtor can claim a homestead exemption over a 70% participation (undivided quota/ hereditary right) of the common mass of the inheritance which constitutes an abstract and global share of the full hereditary patrimony. See Wiscovitch Rentas v. Molina Gonzalez, 507 B.R. 32, 43, fn. 15 (B.A.P. 1st Cir. 2014). ("This is called a hereditary right in the abstract which implies that until a division is effectuated, the heirs may not claim a right over any particular asset. It is the

division of the estate that concludes the hereditary community and only through the division of the estate heirs may be come exclusive title holders of its assets). The first issue is really twofold, given that the court needs to consider whether the real property over which the Debtor claimed the homestead exemption is property of the bankruptcy estate, and whether the Home Protection Act afforded certain protections to a co-heir which has an interest (participation) in a full hereditary patrimony. The second legal issue is dependent on the outcome of the first, which is whether the Debtor may claim the homestead exemption on a real property that is recorded in the property registry (in which the Decedent appears as the titleholder) by the Debtor's sworn statement in which the other co-heirs which form part of the hereditary community do not appear but were noticed by regular mail.

Jurisdiction

The court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

Applicable Law and Analysis

*Property of the Bankruptcy Estate and Exemptions in General*

Section 541(a) defines the property that comprises the bankruptcy estate. Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a)(1). This provision is broad and encompasses all rights and interests of the debtor in real property. See Alan N. Resnick & Henry J. Sommer, 5 Collier on Bankruptcy ¶ 541.04 (16th ed. 2015) "Even though section 541 provides the framework for determining the scope of the debtor's estate and what property will be included in the estate, it does not provide any rules for determining whether the debtor has an interest in property in the first place. That gap is filled most of the time by nonbankruptcy law. The Supreme Court has stated that 'Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law… Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.'" Alan N. Resnick & Henry J. Sommer, 5 Collier on

Bankruptcy ¶ 541.03 (16th ed. 2015) citing Butner v. United States, 440 U.S. 48, 54-55, 99 S. Ct. 914, 917-918, 59 L. Ed. 2d 136 (1979). Thus, property rights in bankruptcy are created, defined and determined by state law. See Travelers Casualty & Surety Co. of America v. Pacific Gas & Elec. Co., 549 U.S. 443, 451, 127 S. Ct. 1199, 167 L. Ed. 2d 178 (2007), quoting Butner v. United States, 440 U.S. 48, 55, 99 S. Ct. 914, 59 L. Ed. 2d 136 (1979). If the debtor's interest in inheritance property arises prior to the filing of the petition, the interest becomes property of the estate pursuant to section 541(a)(1) not 541(a)(5). "This is true regardless of whether the value of such interest has been determined or distributed, or whether the estate of which it is a part is subject to administration." Alan N. Resnick & Henry J. Sommer, 5 Collier on Bankruptcy ¶ 541.14 (16th ed. 2015).

When a debtor files a bankruptcy petition, all of his assets become property of the bankruptcy estate [11 U.S.C. § 541] subject to the debtor's right to reclaim certain property as exempt under 11 U.S.C. § 522. See Taylor v. Freeland & Kronz, 503 U.S. 638, 642 (1992). Section 522(b) provides in pertinent part that, "[n]otwithstanding section 541 of this title, an individual debtor may exempt from property of the estate listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection." 11 U.S.C. §522(b). Thus, the debtor must claim the exemption for the same to be effective, if not the property will be property of the bankruptcy estate.

Property becomes exempt by operation of law when no objections are filed. See 11 U.S.C. § 522(l). But the mere fact that debtors claim an exemption does not necessarily mean that they are entitled to it, since there must be compliance with statutory requirements and then an order to that effect. See 9A Am. Jur. 2d Bankruptcy § 1392; In re Gutierrez Hernández, 2012 Bankr. LEXIS 2735 at *8, 2012 WL 2202931 at *2 (Bankr. D.P.R. 2012); In re Rolland, 317 B.R. 402, 412 (Bankr. C.D.Cal. 2004); In re Colvin, 288 B.R. 477, 483 (Bankr. E.D.Mi. 2003); Carlucci & Legum v. Murray (In re Murray), 249 B.R. 223, 230 (E.D.N.Y. 2000). Exemptions should be liberally construed in furtherance of the debtor's right to a "fresh start". In re Gutierrez Hernández, 2012 Bankr. LEXIS 2735 at *5, 2012 WL 2202931 at *2; In re

<u>Newton</u>, 2002 Bankr. LEXIS 2089 at *7, 2002 WL 34694092 at *3 (B.A.P. 1st Cir. 2002); <u>Christo v. Yellin (In re Christo)</u>, 228 B.R. 48, 50 (B.A.P. 1st Cir. 1999).

In the instant case, the real property over which the Debtor claimed the homestead exemption forms part of the common mass of the inheritance which belongs to the hereditary community composed of the Debtor and 22 co-heirs. <u>See</u> Docket No. 39. The Debtor admits that she "acquired her interest in the property as inheritance received from her late mother, as part of her late mother's last will and testament." <u>See</u> Docket No. 49, p. 2, ¶ 6. In addition, during the hearing held on September 16, 2015, Debtor's counsel stated that there has been no division of the hereditary community and that there is no action pending in state court to divide the hereditary community.

It is uncontested that the Debtor has an interest in her late mother's inheritance which forms part of the bankruptcy estate pursuant to section 541(a)(1). Debtor's interest consists of a 70% participation or a hereditary right in the abstract of the full hereditary patrimony pursuant to Justina Rivera Rivera's last will and testament. The issue the court must determine is whether the Debtor is entitled to claim an exemption over the real property which forms part of the hereditary patrimony in which the Debtor has a hereditary right in the abstract. The question hinges on determining whether the Debtor can claim an exemption over a particular real property, when she has an interest or a participation in the common mass of the inheritance, which constitutes an abstract and global share of the full hereditary patrimony. To resolve this legal issue, the court must delve into estate law, particularly the legal figures of the hereditary community and the community property in general, and how these may be harmonized with the provisions of the Home Protection Act and the Bankruptcy Code.

*Inheritance, hereditary right in the abstract and the hereditary community*

As a general rule, when a person dies, the person's rights and liabilities are transmitted to the heirs. 31 L.P.R.A. § 2081. "The inheritance includes all the property, rights and

obligations of a person which are not extinguished by his death." 31 L.P.R.A. § 2090.  If there is more than one heir to the inheritance, a hereditary community is created. Sociedad Legal de Gananciales v. Registrador de la Propiedad, 151 D.P.R. 315, 317 (2000)(citations omitted). The object of the hereditary community is the estate as a whole, and not each asset, right or liability in particular. Kogan v. Registrador, 125 D.P.R. 636, 650 (1990). Therefore, what each heir is entitled to is a right over the estate as a whole (*titularidad de una cuota en abstracto)*, not over the particular assets. Id. at 652. "We should keep in mind that while the inherited property remains undivided, each heir's ownership shall be spread out or diluted throughout the whole half of the property until the distributive effect of the partition makes concrete and determines the part corresponding to each one, even in cases where the individual share could be easily determined." Osorio Loiz v. Registrar of property of Caguas, 113 D.P.R. 36[1] (1982), citing Shivell v. Barber Boscio, 92 P.R.R. 387, 397 (1965),  P.R. Offic. Trans. 49, 51, May 27, 1982.

Therefore, no heir has a concrete right to anything in the estate while the partition is pending, but simply a right in the hereditary complex. Cintrón Vélez v. Cintrón de Jesús, 120 D.P.R. 39, (1987) citing J. Castán Tobeñas, Derecho Civil español, común y floral 295, Madrid, Ed. Reus (8th ed. 1978), P.R. Offic. Trans. 40, 49, December 9, 1987. It is the division of the estate that concludes the hereditary community and only through the division of the estate heirs may become exclusive title holders of its assets. Id. at 318; Gutierrez v. Registrador, 114 D.P.R. 850, 857 (1983). Thus, until the division of the estate takes place no heir is entitled to claim a specific right over a particular asset. Vega Montoya v. Registrador, 179 D.P.R. 80 (2010). Article 1021 of the Puerto Rico Civil Code provides that: "[a] division legally made confers

---

[1] "Debemos recordar que mientras persista el estado de indivisión en la comunidad hereditaria, aun cuando sea fácilmente determinable la cuota individual,--- el dominio de cada heredero estará difuso o diluido por toda dicha mitad de la finca en espera que el efecto distributivo de la partición concreta y precise lo que a cada cual corresponde." Osorio Loiz v. Registrar of property of Caguas, 113 D.P.R. 36 (1982).

-10-

upon each heir the exclusive ownership of the property which may have been awarded to him." 31 L.P.R.A. § 2901.

The legal figure of the hereditary community is an elusive figure as it lacks specific statutory regulation. In Cintrón Vélez v. Cintrón de Jesús, 120 D.P.R. 39 (1987), P.R. Offic. Trans. 40, 50, December 9, 1987, the Supreme Court of Puerto Rico stated the following regarding the hereditary community juridical figure:

> "Like in the Puerto Rico Civil Code, Castán Tobeñas states that, '[t]he traditional doctrine and the Civil Code only contemplate the community of heirs in its stage or moment of extinguishment by partition, sidestepping any specific regulation thereof. This explains to a great extent the problems and debates about the indivision of the estate and the lack of legal regulation.' Castán Tobeñas, supra, at 296. Since our Civil Code does not have specific rules to govern the community of heirs we should heed '[first,] the imperative provisions of the Civil Code; then, the decedent's will; then, the applicable provisions contained in the [community property chapter] insofar as they are compatible with the estate as a universal community.' 5 J.L. Lacruz Berdejo and F. Sancho Rebullida, Elementos de Derecho Civil, Derecho de Sucesiones 184, Barcelona, Librería Bosch (1981); 5-1 M. Albaladejo, Derecho Civil 270, Barcelona, Librería Bosch (1979); Castán Tobeñas, supra, at 296; Bonet Ramón, supra, at 811." Cintrón Vélez v. Cintrón de Jesús, 120 D.P.R. 39 (1987), P.R. Offic. Trans. 40, 50, December 9, 1987.

The main difference between the hereditary community and the community property in general is that in the latter, "…several owners coincide on one or more specific assets, while the hereditary community refers to co-ownership of an estate with its multiple elements of assets and liabilities. The interested parties have over the decedent's patrimony ownership of an abstract quota, but not on particular assets." Kogan v. Property Registrar, 125 D.P.R. 636, 650-651 (1990), (certified translation).

The Puerto Rico Mortgage Law, unlike Spain's Mortgage Law[2], allows the hereditary right's access to the property registry to be recorded. However, the recordation of the hereditary

---

[2] "In Spanish law, the Mortgage Act eliminated access to the Registry of Property of hereditary right through entry of recordation preferring the use of a preventive annotation. Article 42(6) of the Spanish Mortgage Act. The purpose of the Spanish law was 'put an end to the misunderstanding produced by the recordation of the hereditary right. The fact that this right appeared recorded through an entry of recordation, as if dealing with the dominion or any other real right on a singularly considered property gave rise to certain confusion, making one believe that what was recorded was an undivided quota on each property or integral right of the inheritance and not an abstract and global share in the hereditary patrimony contemplated as a unit or superior object'" (Emphasis supressed) Kogan v.

-11-

right does not equate to a particular participation or undivided quota over a specific real property. Spain's Mortgage Law allows the hereditary right to be noted as a preventive annotation, rather than a separate recorded entry, as a mechanism to prevent any sort of confusion of what is actually being noted which is an abstract hereditary right and global share in the hereditary patrimony and not an undivided quota on a particular real property. See Kogan v. Property Registar, 125 D.P.R. 636, 653 (1990), (certified translation) citing R. Roca Sastre, Derecho Hipotecario, Barcelona, Ed. Bosch, 1979, T. IV, Vol. 1, pg. 62, See also; Ferrandis Vilella, op. cit., pg. 186; R. Roca Sastre, El Registro y el Derecho de Sucesiones, Madrid, Estudios Varios, Instituto de España, 1988, pg. 381. Article 95 of the Puerto Rico Mortgage Law provides in pertinent part that:

> "[t]he hereditary right shall be recorded in the names of all heirs when it involves property acquired by inheritance and the corresponding partition has not yet been made, if one of the interested parties requests it; stating in the entry, the shares corresponding to each of them and the right to the usufructuary share of the surviving spouse, if any. In the event that property presumed to be community property is involved, registration shall only be made of the share that might correspond to the deceased spouse.
>
> When a single heir is involved and there is no one authorized to adjudicate the inheritance, the succession document shall be equivalent to adjudication when it comes to recording the rights that appear in the name of the predecessor in title directly in the heir's name. Nor shall prior adjudication be necessary when a single person has acquired all the shares that the interested parties held in the hereditary right.
>
> In the cases referred to in the two preceding paragraphs, if the property does not appear described in the documents submitted, a paper signed by any interested party shall be attached in which the property is described with the numbers that the properties have in the Registry, stating the volume and folio where they appear recorded in the name of the person from whom the right is derived.
>
> In order to record concrete adjudications, the property or unsegregated parts of the same which belong or are adjudicated to each owner or heir must be specified in a public document or by final resolution, or also by public document to which all the interested parties have given their consent, if only one part of the estate were adjudicated and they should have free disposal of it.

---

Property Registar, 125 D.P.R. 636, 653 (1990), (certified translation) citing R. Roca Sastre, Derecho Hipotecario, Barcelona, Ed. Bosch, 1979, T. IV, Vol. 1, pg. 62, See also; Ferrandis Vilella, op. cit., pg. 186; R. Roca Sastre, El Registro y el Derecho de Sucesiones, Madrid, Estudios Varios, Instituto de España, 1988, pg. 381.

Alienations or liens of specific shares in a property which has not been previously adjudicated in the corresponding partition shall not be recorded." 30 L.P.R.A. §2316.

Members of a hereditary community can alienate his or her abstract quota. Burgos v. Hernández, 54 D.P.R. 37, 40 (1938). Article 95 of the Puerto Rico Mortgage Law establishes that alienations of undivided shares (quota/participations) of a particular real property belonging to a hereditary patrimony do not have access to the Property Registry. However, prior to the partition and with the consent of all the members (co-heirs) of hereditary community, a particular real property or assets of the hereditary community may be alienated or encumbered. See Kogan v. Property Registrar, 125 D.P.R. 636, 652-653[3]. Commentator Ferrandis Vilella explains that, "all co-heirs together (unanimity) can carry out with full validity and effect any acts of disposition of particular assets of the inheritance; but none of them alone can dispose of such assets or any part thereof because they do not have true title of dominion over concrete and specific assets until the partition of the inheritance is carried out." Kogan v. Property Registar, 125 D.P.R. 636, 654, citing J. Ferrandis Vilella, La Comunidad Hereditaria, Barcelona, Ed. Bosch, 1954, pgs. 185-186 (certified translation). Commentator Ferrandis Vilella further explains that the legal figure of the hereditary community is, "… a fractioned ownership, it is not a juridical unit that absorbs the rights of the individuals; the rights on common things, through the shares, lie individually on each community member." Id., op. cit., p.74.

The Supreme Court of Puerto Rico in Vega Montoya v. Property Registar, 179 D.P.R. 80 (2010) held that, "[t]he registration made by an heir for the transfer of a specific share of a property belonging to a group of heirs, if said inherited property is the sole object of the inheritance, is not allowed; while the property of the estate remains common to all joint heirs,

---

[3] The Spanish text reads as follows: "De otra parte, también se puede dar una venta de *cosa específica* perteneciente a la comunidad hereditaria antes de la partición cuando todos los herederos comuneros dan su consentimiento. Cabañas et al. v. El Registrador de la Propiedad, supra, pág. 77; S. de 15 de febrero de 1947, Núm. 150, XIV *Repertorio de Jurisprudencia* 105; Albaladejo, *op. cit*., Vol. 2, pág. 428. Según De La Cámara, todos los copartícipes de la comunidad hereditaria pueden vender un objeto de la herencia o gravar parte de ésta, 'pues la naturaleza del condominio y la aritmética nos enseñan que la suma de los derechos de los condueños equivalen al de un propietario singular.' Todos los coherederos actuando en conjunto pueden realizar 'cualesquiera de los actos que uno o varios no podrán llevar a efecto. [N]o existe disposición hipotecaria que derogue tales normas civiles.'" Kogan v. Registrador, 125 D.P.R. 636, 652-653.

-13-

there is no certainty as to what exact portion shall be awarded to each of them until the corresponding partition of the estate is carried out." Vega Montoya v. Property Registrar, 179 D.P.R. 80 (2010). In summary, in a hereditary community each heir has a right *in abstracto* over the estate as a whole, but not as to any particular assets. An heir is entitled to claim a right on a particular asset only after the partition of the hereditary estate.

*2011 PR Home Protection Act and Rivera García v. Hernández Sánchez*

Article 3 of the Home Protection Act, 31 L.P.R.A. § 1858, states as follows:

> "Every individual or head of family residing in Puerto Rico shall be entitled to own and enjoy, under the homestead right concept, a parcel and the structure located thereon, or a residence under the regime established in the Condominiums Act, which belongs to him/her or which he/she lawfully owns, and occupied by him/her or his/her family exclusively as a principal residence.

> For the purposes of this chapter, the term domicile shall be defined as provided in § 8 of Title 1."

The Supreme Court of Puerto Rico interpreted Article 3 as establishing "the legislative intent to create an individual right of homestead, but limiting it solely to that property that is used by the titleholder as his/her principal residence". Rivera García v. Hernández Sánchez, *supra*, at * 636 (translation provided).

This court has previously stated that, "[t]he 2011 PR Home Protection Act does not expressly address how Puerto Rico residents who file for bankruptcy must claim the homestead right in their bankruptcy petitions. Thus, a debtor must have complied with the requirements in the 2011 PR Home Protection Act as of the petition date in order to properly claim the homestead exemption under state (Puerto Rico) law in a bankruptcy proceeding." In re Perez Hernandez, 487 B.R. 353, 365 (Bankr. D.P.R. 2013).

-14-

Article 9 of the Home Protection Act, 31 L.P.R.A. § 1858f, titled, *Claim of homestead protection in purchase deed; record in the Property Registry and cancellation of the homestead right in the Property Registry*, states as follows:

> "[a]ny individual or head of family who acquires a rural or urban parcel to establish and create his/her homestead thereon shall state so in the deed after having been duly advised on this duty by the authorizing notary, who shall attest to such fact; and upon recording the same, the Property Registrar shall enter such statements in the body of the registration indicating that the owner has filed a Declaration of Homestead for such property. This entry shall serve as public notice.

> If the parcel has already been registered in the name of such individual or head of family, it shall suffice for the owner or owners of such parcel to execute a declaration before a notary public stating that the parcel is covered by homestead protection for the Property Registrar to make a marginal notation on the appropriate record.

> Both documents, that is, the deed and the declaration, as the case may be, shall state that such property shall be used for residential purposes and that the owner has not declared any other property in or outside of Puerto Rico as such. The owner shall also be advised, in both documents, on the potential sanctions to which any person shall be subject if he/she attempts to or unlawfully files a declaration of Homestead for more than one property or in favor of another person.

> If a person already owns another property that has been declared as his/her homestead, the existence of such other property and the fact that such property shall cease to be his/her homestead as of said time shall be acknowledged in the document; additionally, such person shall have the obligation to cancel the declaration of homestead of the former property in the Property Registry, so that the Registrar may record such cancellation in the marginal notation of the appropriate record. Such cancellation may be made through the same deed of the new property which shall be covered by homestead protection or through a declaration.

> Insofar as the property has been declared a homestead, the Property Registrar shall be required to make a notation stating that the property was so declared by its owner.

> Such declarations or notations shall only constitute prima facie evidence of the homestead right of such property; no person may claim more than one property as a protected homestead." 31 L.P.R.A. §1858f.

Article 11 of the Home Protection Act, 31 L.P.R.A. § 1858h, titled, *Registration of a parcel and filing of a declaration of homestead with the Registry*, provides the following:

> "[t]he fact that a parcel has not been registered in the Property Registry, or that the declaration of homestead has not been filed with or entered in the Property Registry,

shall in no way impair the owner's homestead right thereon, provided that such right has been timely claimed as provided in §1858i." 31 L.P.R.A. §1858h.

Article 12 of the Home Protection Act, 31 L.P.R.A. § 1858i, titled, *Claiming the homestead right in a sale resulting from judgment or foreclosure*, provides that:

"[h]omestead right shall be claimed through a motion filed with the court within thirty (30) days as of the date in which foreclosure against the properties belonging to the defendant has been petitioned in order to comply with a ruling of a competent court; or from the time in which a pre-judgment attachment or garnishment or any other pre-judgment remedy is requested against the property of the defendant to guarantee compliance with said ruling.

Such motion shall be sworn by the owner or owners, including a description of the property being protected as entered in the Registry and a statement to the fact that the owner or owners thereof used such property as a principal residence before the service of process of foreclosure was perfected and that they have not declared any other property as their homestead.

The party requesting foreclosure shall have ten (10) days to answer the claim of homestead right and, should a controversy arise, the court shall hold an evidentiary hearing in which the parties shall present their arguments and the appropriate evidence supporting their allegations. The court shall issue its determination within fifteen (15) days after the evidence has been presented. Once the court's ruling is issued, the aggrieved party may appeal such ruling within a jurisdictional term of fifteen (15) days. In the event that the court determines that homestead protection does not apply, the judicial sale of such property shall not be carried out until such determination becomes final and binding.

No rural or urban parcel shall be sold by virtue of judgment or foreclosure if it has been claimed to be or held as homestead, whether or not it has been registered as such in the Property Registry, unless any of the exemptions provided in §1858a of this title applies. However, a rural or urban parcel may be sold by virtue of a judgment or foreclosure if, after having been served, the person acquires a property of higher value and it becomes his/her principal residence. If such situation occurs, the homestead protection shall be extended up to the value of the protected property at the time of the service of process. Likewise, if the money was protected as provided in §1858d of this title at the time the service of process was perfected, the protection shall be extended up to the limit of such amount." 31 L.P.R.A. §1858i.

The homestead exemption may be included in the purchase deed which is registered in the name of such individual or head of family. Article 9 of the Home Protection Act establishes the mechanism to claim the homestead exemption, if the same was not claimed in the purchase

deed, for the owner or owners of a parcel (real estate property) that is registered in the name of such individual or head of family to claim the homestead exemption. In order for the owner or owners of such parcel to claim the homestead exemption, they have to execute a declaration before a notary public stating that the parcel is covered by homestead protection for the Property Registrar to make a marginal notation on the appropriate record. Article 11 of the Home Protection Act provides that the owner's right to claim the homestead exemption will not be impaired if the parcel has not been registered in the Property Registry, or that the declaration of homestead has not been filed with or entered in the Property Registry, provided that the homestead right has been timely claimed pursuant to Article 12 of the Home Protection Act, 31 L.P.R.A. §1858(i).

Article 12 of the Home Protection Act, 31 L.P.R.A. § 1858i, titled, *Claiming the homestead right in a sale resulting from judgment or foreclosure*, is particularly designed as the title suggests for several remedies which might be requested against the defendant's property to satisfy compliance with a judgment such as an impending foreclosure proceeding, a pre-judgment attachment, garnishment or any other pre-judgment remedy. Article 12 provides that the "homestead right shall be claimed through a motion filed with the court" and that "such motion shall be sworn by the owner or owners, including a description of the property being protected as entered in the Registry and a statement to the fact that the owner or owners thereof used such property as a principal residence before the service of process of foreclosure was perfected and that they have not declared any other property as their homestead." Articles 9, 11 and 12 of the Home Protection Act use the term "owner or owners" of a parcel (real property) which are entitled to claim the homestead exemption. Article 3 provides that every individual or head of family shall be entitled, "…to own and enjoy, under the homestead right concept, a parcel and the structure located thereon, or a residence under the regime established in the

-17-

Condominiums Act, which belongs to him/her or which he/she lawfully owns, and occupied by him/her or his/her family exclusively as a principal residence. Thus, for an individual to claim the homestead right over a parcel the same must belong to him/her or he/she must be the lawful owner, and the same must be occupied by him/her as the principal residence.

In the instant case, the Debtor has a hereditary right (70% participation/interest) in the abstract (over the common mass of the inheritance) and until the division (partition) is effectuated, the heirs may not claim a right over any particular asset, such as the real property. The court concludes that the Debtor is not the owner of the real property (over that particular asset or any specific asset) over which she is claiming the homestead exemption. Thus, the real property is not part of the bankruptcy estate, even though the Debtor does have an interest (undivided quota/ participation) in the hereditary patrimony.

However, in order to complete our legal analysis, the court must address the applicability of the Supreme Court of Puerto Rico's decision in <u>Rivera García v. Hernández Sánchez, Property Registrar</u>, 189 D.P.R. 628 (2013).

<u>*Rivera García v. Hernández Sánchez, Property Registrar*</u>

In <u>Rivera García v. Hernández Sánchez, Property Registrar,</u> the real property had been registered in the Property Registry under the name of the petitioner, Antonia Rivera García and her deceased spouse. After the passing of Mrs. Rivera Garcia's spouse, half of the real property became part of the decedent's hereditary patrimony which is co-owned by the hereditary community comprised of Mrs. Rivera García and her 3 children. The other half of the real property belongs to Mrs. Rivera García. The hereditary right of Mrs. Rivera García and her three (3) children, which form part of the hereditary community,[4] is registered in the Property

---

[4] The Supreme Court states in <u>Rivera García v. Hernández Sánchez, Property Registrar</u>, the following: "En el caso de autos, no está en controversia que la propiedad que la peticionaria quiso proteger con su derecho a hogar seguro

Registry. Mrs. Rivera García presented to the Property Registrar a sworn declaration before a notary public claiming the homestead exemption over the real property. The Property Registrar denied Mrs. Rivera García's request to register the homestead exemption because the real property belonged to a hereditary community, in which all the heirs and co-owners must consent to this transaction. Thus, the legal controversy in <u>Rivera García v. Hernández Sánchez</u> was whether a surviving spouse could solely execute a sworn declaration (homestead deed) claiming homestead exemption over a real property which forms part of a hereditary community. The Supreme Court of Puerto Rico analyzed the procedure to record a homestead deed in the Property Registry under Article 9 of the Home Protection Act and determined that when a "a property has more than one titleholder, all of them must appear to the authorization of the notarial deed in which the homestead right is claimed." <u>Rivera García v. Hernández Sánchez</u>, *supra* at *17 (translation provided).[5] The petitioner in the Supreme Court case also argued that if all of the titleholders of a property must appear in the sworn declaration to consent to the homestead exemption, this would make it more difficult to register the homestead right on behalf of an individual titleholder. The Supreme Court's reasoning was that in cases like the one before it, if there is no consensus amongst titleholders regarding the homestead exemption, then the homestead exemption could be claimed in court pursuant to Article 3 of the Home Protection Act, so that the court may order the annotation of the homestead right in the Property Registry. [6]

---

no es de su total dominio. La propiedad en la que ella reside consta inscrita en el Registro de la Propiedad a nombre de ella y sus tres (3) hijos, toda vez que la misma forma parte de una comunidad hereditaria." 189 D.P.R. 628.

[5] The holding of the Supreme Court of Puerto Rico was as follows: "Por todo lo anterior, nos parece que el texto de la Ley Núm. 195, supra, y el derecho de comunidad de bienes exigen que en casos de propiedades con más de un dueño, todos los propietarios comparezcan a la autorización del Acta Notarial que reclama la anotación del derecho a hogar seguro." 189 D.P.R. 628.

[6] The Spanish text of the Supreme Court of Puerto Rico's decisión is: "La representación legal de la peticionaria nos argumenta que si interpretamos que la Ley Núm. 195, *supra,* requiere que comparezcan todos los titulares al Acta

-19-

In the case before this court[7], the real property is registered in the property registry under the decedent's name, Justina Rivera Rivera. The heirs have not presented their hereditary right over Justina Rivera's entire patrimony for the same to be recorded in the property registry pursuant to Article 95 of the Puerto Rico Mortgage Law, 30 L.P.R.A. §2316. The hereditary right of the heirs is an abstract right and global share in the hereditary patrimony and not an undivided quota on a particular real property. In <u>Rivera García v. Hernández Sánchez, Property Registrar,</u> the petitioner claiming the homestead exemption was the decedent's surviving spouse. In this case, the heir that is claiming the homestead exemption is the decedent's daughter.

Article 6 of the Home Protection Act[8] specifically provides for the continuance of the homestead protection for these particular scenarios: (i) for the benefit of a surviving spouse; (ii)

_____

Notarial que reclama el derecho a hogar seguro en una propiedad sujeta al régimen de comunidad de bienes, ello haría más difícil lograr anotar ese derecho a favor de un titular individualmente. Aunque es más difícil no es imposible. En casos como este, en que no hay evidencia del consenso entre los comuneros para reconocer el derecho a hogar seguro de uno de ellos, siempre se puede acudir al tribunal con el propósito de que se reconozca el derecho a hogar seguro al amparo del Art. 3 de la Ley Núm. 195, supra, y se ordene su anotación en el Registro de la Propiedad. Después de todo, somos un tribunal de jurisdicción general y podemos entender en cualquier acción que presente una controversia legítima." 189 D.P.R. 628.

[7] The court notes that in <u>In re Díaz Collazo</u>, 524 B.R. 431 (Bankr. D.P.R. 2015) this court held that the debtor, as sole spouse filing for bankruptcy was entitled to claim the full homestead exemption under the Home Protection Act on behalf of the conjugal partnership. In <u>In re Martínez Colón, 525 B.R. 1</u> (Bankr. D.P.R. 2015), this court held that co-debtors in a conjugal partnership may each claim the totality of the homestead for the partnership's benefit in a joint bankruptcy case. In this case, the court further stated that: "<u>Rivera García v. Hernández Sánchez</u>, *supra*, does not expressly address the bankruptcy quandary of the instant case because the heirs of that case were not claiming the homestead for themselves along with the widow. <u>Id</u> at 4. The latter decision differentiates the facts with the ones in <u>Rivera García</u> to reach the final outcome.

[8] Article 6 of the Home Protection Act titled, *Homestead protection shall continue after death, abandonment, or divorce*, and provides the following:

"The protection established in §1858b or this title shall continue after the death of any of the spouses for the benefit of the surviving of spouse, so long as he/she continues to occupy the homestead, and after the death of both spouses for the benefit of their children until the youngest reaches legal age. Should a husband or wife abandon his/her family, the protection shall continue in favor of the spouse occupying the property as a residence; and, in the case of divorce, the court granting it may, in the decree, dispose of the homestead estate according to the equities of the case.

In the case of an unmarried person who is the head of a family, because such family, ascendants, and descendants to the to the third degree of consanguinity or affinity, is dependent upon such person for support, the protection shall continue after the death of such person for the benefit of his/her named family

-20-

if both spouses passed away, the homestead protection would be extended for the benefit of the children until the youngest reaches the legal age; (iii) in the case that the husband or wife abandon his/her family, the homestead protection would continue for the benefit of his/her family; (iv) in case of a divorce, the divorce decree will dispose of the homestead estate pursuant to the equities of the case; and (v) in the case of an unmarried person that is the head of a family that passed away, the homestead protection will continue for the person's dependents and ascendants, as long as they continue to occupy the protected home and until the youngest dependent reaches the legal age. 31 L.P.R.A. §1858c. Hence, Article 6 explicitly protects a surviving spouse's right to claim the homestead right over his or her principal residence upon the death of his or her spouse. However, the statute does not provide such a protection for a descendent of legal age when his or her ascendant passes away. Thus, the Home Protection Act contains no provision which protects the Debtor's right to claim the homestead exemption over the real property in the instant case as the Debtor is not the surviving spouse.

It is important to note that in Rivera García v. Hernández Sánchez, Property Registrar, Justice Anabelle Rodríguez Rodríguez concurred with the result of the majority's decision, but she expressed concern regarding certain loopholes in the Home Protection Act regarding the members of the hereditary community, which would require further legislation. She stated that the decision of the majority, which requires that the surviving spouse and all the members of the hereditary community must appear in the declaration authorizing the homestead exemption over a particular real property, raises a series of questions. Such as: (i) in the case of a property that belongs to a hereditary community and does not have the homestead exemption recorded, who would be protected by the recordation of the homestead exemption?; (ii) Does it protect only the

---

members, as long as they continue to occupy the protected home, and until the youngest of such dependents reaches legal age." 31 L.P.R.A. §1858c.

co-owner with respect to her/his independent participation of the hereditary community? Or does the protection extend to very member of the hereditary community?; (iii) If the homestead protection is recorded solely for the benefit of the co-owner independent of the hereditary community would it be possible to foreclose the participation of an heir?; and (iv) If such foreclosure is allowed, would it not contravene the purpose of the Law?[9] See Rivera García v. Hernández Sánchez, Property Registrar, 189 D.P.R. 628 (2013). Justice Rodriguez's concerns that existing gaps in the Home Protection Act that should be addressed by the legislature are shared by Professor Michel J. Godreau Robles. See Michel J. Godreau Robles, *Análisis del Término 2013-2014 Tribunal Supremo de Puerto Rico*, 84 Rev. Jur. U.P.R. 709, 722 (2015). The need is apparent.

## Conclusion

In light of the aforestated, this court finds that as of the petition date the Debtor owned an interest *in abstracto* over the estate whole, but not in any of the particular assets of the hereditary community, including the real property claimed as Debtor's residence. The court further finds that the Home Protection Act is devoid of any specific provision which provides the homestead exemption over a real property that forms part of a hereditary community to a descendent of legal age when his or her ascendant passes away. Thus, the Home Protection Act

---

[9] "La Juez Asociada señora Rodríguez Rodríguez concurre con el resultado por entender que tanto la Ley Núm. 195 de 13 de septiembre de 2013, conocida como la Ley del Derecho a la Protección del Hogar Principal y el Hogar Familiar, como el derecho de comunidad de bienes exigen que para que se inscriba la anotación en el Registro de la Propiedad del derecho de hogar seguro en casos de propiedades con más de un dueño, se requiere que todos los propietarios comparezcan a la autorización del Acta Notarial. Ahora bien, existen unas lagunas en la ley que requieren que la Asamblea Legislativa atienda. Con el requisito que hoy adopta el Tribunal, traslucen una serie de interrogantes. Por ejemplo: En el caso de una propiedad que le pertenece a una comunidad hereditaria y que no tiene anotada la protección a hogar seguro, a quién protegería la anotación de la protección de hogar seguro?; Sólo a la copropietario con respecto a su participación independiente a la comunidad hereditaria, o a cada uno de los miembros de la comunidad hereditaria? De anotarse la protección de hogar seguro sólo a la copropietaria independiente de la comunidad hereditaria se podría embargar la participación de un coheredero? De permitirse este embargo, no se estaría incumpliendo con el propósito de la Ley? Estas son sólo unas de las interrogantes que han quedado en el aire con la Opinión que emite el Tribunal. Exhorto a la Asamblea Legislativa a actuar prontamente para minimizar cualquier impacto negativo en la protección de hogar seguro." Rivera García v. Hernández Sánchez,189 D.P.R. 628 (2013).

contains no provision which protects the Debtor's right to claim the homestead exemption over the real property in the instant case.

Consequently, the Debtor cannot claim the homestead exemption over the real property because it is not property of the bankruptcy estate. However, the Debtor does have an interest in the decedent's hereditary patrimony. Debtor's interest in the hereditary patrimony has a value that must be considered when determining the bankruptcy estate's value. Given the particular facts of this case and this court's finding that the real property over which the Debtor claimed the homestead exemption is not property of the bankruptcy estate, it is not necessary to make a determination as to whether the Debtor properly claimed the homestead exemption pursuant to the Home Protection Act and the Supreme Court of Puerto Rico's decision in Rivera García v. Hernández Sánchez.

For the reasons stated herein, the homestead exemption claimed by the Debtor is hereby denied.

SO ORDERED.

In San Juan, Puerto Rico, this 12th day of January, 2016.

Enrique S. Lamoutte
United States Bankruptcy Judge

-23-